UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| NANCY MORRIS, as personal representative of the estate of DAVID ALLAN WOODS,<br><br>Plaintiff,<br><br>v.<br><br>THE HOPE CLINIC, LLC, officially and individually; TEMISAN ETIKERENTSE, M.D., officially and individually; SUE BRABHAM, R.N., officially and individually; Berkeley County Sheriff H. WAYNE DEWITT, officially and individually; ANDREW J. BLAND, PFC, officially and individually; RICHARD T. BURKHOLDER, SGT, officially and individually; JAMES M. BROPHY, PFC, officially and individually; LEEMON E. CARNER, PFC, officially and individually; PATRICIA D. COLLINS, SGT, officially and individually; CHARLES A DESANTO, CPL, officially and individually, KENDRA B. HABERSHAM, Staff SGT, officially and individually, ASHLEY A. HARBER, PFC, officially and individually, PRISCILLA SCHEETZ, SGT, officially and individually; JERRY SPEISSEGGER, JR, PFC, officially and individually; PFC DAAF, officially and individually; JOHN DOE(S), officially and individually; CLIFFORD L. MCELVOGUE, Director, officially and individually,<br><br>Defendants. | Civil Action No.: 5:12-3177-RMG-KDW<br><br><br>ORDER |

This matter is before the court on the Motion to Quash filed by Defendants Hope Clinic, LLC; Temisan Etikerentse, M.D. ("Dr. Etikerentse"), and Sue Brabham, R.N., officially and individually, (collectively, "Hope Defendants"), ECF No. 71. The Motion to Quash concerns a

subpoena served on Defendant Dr. Etikerentse regarding his deposition noticed for August 9, 2013.[1] Plaintiff filed opposition to the Motion, ECF No. 72.

Counsel for the Hope Defendants, including Dr. Etikerentse, seek to quash the subpoena because it "fails to allow reasonable time to comply." Mot. 2, ECF No. 71. Counsel filing the Motion notes that she was recently retained to represent the Hope Defendants and filed a Notice of Appearance on July 26, 2013. *Id.* Counsel submits that her recent involvement in the case, combined with the fact the subpoena was issued July 30, 2013, "less than 10 days before" the scheduled deposition, require the subpoena to be quashed because it does not provide "reasonable time to comply." *Id.* (citing Fed. R. Civ. P. 45(c)(3)(A)(i)).

In response, Plaintiff submits the subpoena should not be quashed because Defendant Dr. Etikerentse has been permitted reasonable time for compliance. Pl.'s Resp., ECF No. 72. Plaintiff notes that the subpoena did provide ten days' notice. *Id.* at 2.[2] In addition, Plaintiff informs the court that Dr. Etikerentse's deposition has been scheduled since mid-July 2013. Plaintiff notes that, prior to the July 2013 appearance by additional counsel, the Hope Defendants have been represented by Jeremy Canipe, Esquire, who remains co-counsel for the Hope Defendants. *Id.* As evidenced in emails between a legal assistant for Plaintiff's counsel and a paralegal for Mr. Canipe, the August 9, 2013 date for Dr. Etikerentse's deposition was set on

---

[1] Defendants' Motion does not include a copy of the subpoena it seeks to quash. Because the grounds of the Motion do not specifically call into question the details of the subpoena itself, the court finds it is unnecessary to review the subpoena itself prior to ruling on the Motion.

[2] The Hope Defendants argue one of the reasons the subpoena should be quashed is because it was issued fewer than ten days before the scheduled deposition. The court notes, however, that Rule 45(c)(3) of the Federal Rules of Civil Procedure includes no notice requirement of a specific number of days. *Cf.* Fed. R. Civ. P. 45(c)(3)(A)(i) (requiring a subpoena that "fails to provide a reasonable time to comply" be quashed or modified). Although Rule 30(b)(1) of the South Carolina Rules of Civil Procedure requires a ten-day written notice of a deposition, Federal Rule of Civil Procedure 30 contains no such requirement. *Compare* Rule 30(b)(1), SCRCP *with* Fed. R. Civ. P. 30.

July 10, 2013, and confirmed on July 12, 2013. *See* ECF No. 72-1 (emails regarding scheduling). In a July 10, 2013 email, the legal assistant for Dr. Etikerentse's then-sole counsel, Mr. Canipe, proposed August 9, 2013 as the date for the deposition of Dr. Etikerentse. ECF No. 72-1 at 1 ("Dr. Etikerentse is available on August 9th from 7-9 a.m."). Several minutes later, the paralegal for Plaintiff's counsel confirmed that date and time. *Id.* On July 12, 2013, the assistant for the Hope Defendants' counsel reconfirmed August 9, 2013 as the date for Dr. Etikerentse's deposition. *Id.*

Having considered the filings of the parties, the court finds Plaintiff provided ample notice of the deposition of Dr. Etikerentse. The information before the court indicates counsel worked together to schedule numerous depositions, including that of Dr. Etikerentse. Although the Hope Defendants, including Dr. Etikerentse, recently retained additional counsel, Mr. Canipe has been representing Dr. Etikerentse at least since November 2, 2012—the date he signed the Joint Notice of Removal to this court, ECF No. 1. Mr. Canipe's office suggested August 9, 2013 as the date of Dr. Etikerentse's deposition.

For the foregoing reasons, the Hope Defendants' Motion to Quash, ECF No. 71, is *denied*. The deposition of Dr. Etikerentse is to go forward as scheduled.

IT IS SO ORDERED.

August 6, 2013                                                                                  Kaymani D. West
Florence, South Carolina                                                      United States Magistrate Judge